Curia, per O’Neall, J.
On the second breach of the contract assigned in the declaration, I think the plaintiff is entitled to recover. The true construction of the defendants’ contract with the plaintiff, is, that the defendants might, when the services of the slaves were needed at some point on the Rail Road, transport them by their locomotives to such point; but that all other transportation of them by their locomotives, is forbidden.
*616 It is perfectly clear that the slave, when killed, was not transported from one point where his services were no longer needed, to another where they were required. He had, contrary to the overseer’s orders, spent the night at Hamburg, and by the locomotive was returning to where he should have spent the night. The conductor of the train was aware, immediately after leaving Hamburg, that the slave Wesley was on board. He shewed, too, his sense of the impropriety that he should be there, by telling- him “ I have a great mind to put you out. You may go along this time, but you sha’nt go again.” This fact brings home to the company, through their agent, the carrying of the slave by their locomotive'' against, and contrary to their contract with his master. In such a case, it is in vain to say that the slave was a moral agent, capable of wrong as well as of right action, and that he killed himself by jumping off when he ought not. The case of Strawbridge vs. Turner, 9 Louis. Rep. 213 (Wheeler’s law of Slavery, 447) is full to that point. There the slave was in the employment of a steamboat. The Captain took him into her service, without the consent of his master, and he was drowned by jumping or falling overboard. It was held, that the illegal employment made the defendant liable. Here the defendants, in violation of their contract, carried the slave by their locomotives; this is equally as illegal as employing a slave without the consent of his master, and the same consequences must attach to it.
The law of bailments is as clear and as well settled as anything human can be — that the use of a thing hired, in any way different from that for which it is hired, makes the person hiring it liable for any injury or loss in such service. Story, in his treatise on bailments, p. 273, § 413, in applying this rule, says, “ if the thing is used for a different purpose from that which was intended by the parties, or in a different manner, or for a longer period, the hirer is not only responsible for all damages, but if a loss occurs, although by inevitable casualty, he will be responsible therefor.” According to this, the defendants cannot, in any way, shield themselves from answering for the plaintiff’s loss. The case of Butler vs. Walker, Rice *617 Rep. 782, is a very analogous one to that before the court, and, if it be necessary to further fortify the plaintiff’s case, may be appealed to for that purpose. There, as Aere, the loss arose from the voluntary act of the slave; there, as well as here, the defendants had violated their contract of hiring; and it was held the plaintiff was entitled to recover. The motion for a new trial is granted.
Richardson and Frost, JJ. concurred.